Heather Weine Brochin
DAY PITNEY LLP
One Jefferson Road
Parsippany, NJ 07054-2891
(973) 966-6300
hbrochin@daypitney.com

ATTORNEYS FOR Defendant
Acme Lift Company, L.L.C.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL COHAN, | : | Civil Action No. |
|         Plaintiff, | : | |
| v. | : | |
| ACME LIFT COMPANY, L.L.C. and ABC COMPANIES (1-10) (fictious names of unknown entities), | : | **NOTICE OF REMOVAL** |
| | : | |
|         Defendants. | : | **Filed Electronically** |
| | : | |

**TO: THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Acme Lift Company, L.L.C. ("Acme") removes the state court civil action originally commenced by Plaintiff Michael Cohan in the Superior Court of the State of New Jersey, County of Essex, entitled *Michael Cohan v. Acme Lift Company, L.L.C. and ABC Companies (1-10) (fictitious names of unknown entities)*, Case No. ESX-L-004811-20 (the "State Court Action") to this Court. In support of removal, Acme states as follows:

1.     On July 23, 2020, Acme received a copy of the Summons and Complaint, Civil Case Information Statement and Track Assignment Notice in the State Court Action. A copy of the Summons and Complaint is attached hereto as <u>Exhibit 1.</u>

2.     The Complaint was the first pleading delivered to Acme setting forth the claims for relief upon which this action is based.

3.     Removal is therefore timely under 28 U.S.C. § 1446(b), because this Notice is filed within 30 days after service upon Acme of the initial pleading.

4.     This Notice of Removal is also timely under 28 U.S.C. § 1446(c)(1), it being filed within the one year of the commencement of this action.

5.     The Summons and Complaint represent all of pleadings, process, or orders delivered upon Acme in this matter.  No other hearings or other proceedings have taken place in this action to Defendant's knowledge.

6.     Under 28 U.S.C. § 1441, this Court is the appropriate forum in which to file this Notice of Removal because the United States District Court for the District of New Jersey is the federal judicial district embracing the Superior Court of New Jersey (Essex County Division), the county in which the State Court Action was filed.

7.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), and this matter is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b), because it is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8.     Upon information and belief, Plaintiff Michael Cohan is a resident of New Jersey is therefore believed to be a citizen of New Jersey.

9.     Acme is a citizen of Arizona. Acme is a limited liability company organized under the laws of the State of Arizona and its principal place of business is in Arizona.

10.     Defendants ABC Companies (1-10), are fictitious names of unknown entities and are thus must be disregarded for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1441(b).

11.     Plaintiff alleges that Acme violated the New Jersey Law Against Discrimination (age discrimination and retaliation), N.J.S.A. 10:5-1, *et seq.* ("NJLAD"). *See* <u>Exhibit 1.</u> Among other forms of relief, Plaintiff seeks back pay and benefits, front pay and benefits, compensatory damages, consequential damages, and punitive damages. *See id.* The NJLAD does not set a cap on recovery of compensatory or punitive damages.

12.     To meet the jurisdictional requirement under 28 U.S.C. § 1332, Acme must establish that Plaintiff's alleged damages exceed $75,000, exclusive of interest and costs. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007). If the amount in controversy is not stated specifically in the pleadings, the Court must give a reasonable reading of the value of the rights being litigated. *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

13.     While Acme disputes that Plaintiff is entitled to any damages against it, Plaintiff nonetheless seeks damages in excess of $75,000. Plaintiff was employed as Acme's Senior Vice President earning a base salary of $155,000 plus significant commissions and other benefits. Plaintiff's employment was terminated on May 11, 2020. According to Plaintiff's Complaint, in the year prior to his termination, "Plaintiff earned the highest amount of commissions of any year of his employment." <u>Exhibit 1</u>, Compl. ¶13. Thus, Plaintiff's sought-after damages of back pay and benefits, front pay and benefits, compensatory damages, consequential damages, and punitive damages exceed $75,000.

14.     Upon information and belief, the alleged events and omissions giving rise to plaintiff's claims occurred in New Jersey, such that venue is proper in the United States District Court for the District of New Jersey.

15.     Pursuant to 28 U.S.C. §1446, Acme has given written notice of the removal of this action to plaintiff's counsel.

16.     Pursuant to 28 U.S.C. §1446, Acme will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Essex County.

WHEREFORE, Defendant Acme respectfully requests that this action be removed from the Superior Court of New Jersey, Law Division, County of Essex, to the United States District

106198905.1

Court for the District of New Jersey.

DATED this 21st day of August, 2020.

DAY PITNEY LLP
Attorneys for Defendant
Acme Lift Company, L.L.C.

By:   /s/ Heather Weine Brochin
HEATHER WEINE BROCHIN
For the Firm

DATED:  August 21, 2020.

4

# EXHIBIT 1

SMITH EIBELER, LLC
Christopher J. Eibeler, Esq. ID# 031772004
David Franzmathes, Esq. ID# 309432019
101 Crawfords Corner Road, Suite 1-105R
Holmdel, New Jersey 07733
(732) 935-7246
Attorneys for Plaintiff

---------------------------------------------------------X

| | |
|---|---|
| MICHAEL COHAN, : | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION: ESSEX COUNTY**<br>**DOCKET NO: ESX-L-004811-20** |
| **Plaintiff,** : | |
| : | **Civil Action** |
| v. : | |
| : | |
| : | |
| ACME LIFT COMPANY, L.L.C. and : | |
| ABC COMPANIES (1-10) : | **SUMMONS** |
| (fictious names of unknown entities) : | |
| : | |
| **Defendants.** : | |
| : | |

---------------------------------------------------------X

THE STATE OF NEW JERSEY TO:

**ACME LIFT COMPANY, L.L.C.**
**Richard Jewell, Statutory Agent**
**4751 E. Indigo Street**
**Mesa, AZ 85205**

       The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within **35** days from the date you received this Summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153 deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear

above, or to plaintiffs, if no attorney is named.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office      in      the      county      listed      above      and      online      at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.


Dated:    July 21, 2020                          /s/ Michelle M. Smith
                                                 **MICHELLE M. SMITH,**
                                                 **Clerk of the Superior Court**


Name of Defendants to be served:      ACME LIFT COMPANY, L.L.C.

Address for Service:                    Richard Jewell, Statutory Agent
                                        4751 E. Indigo Street
                                        Mesa, AZ 85205

SMITH EIBELER, LLC
Christopher J. Eibeler, Esq. ID# 031772004
David Franzmathes, Esq. ID# 309432019
101 Crawfords Corner Road, Suite 1-105R
Holmdel, New Jersey 07733
(732) 935-7246
Attorneys for Plaintiff

-------------------------------------------------------X
                            :    SUPERIOR COURT OF NEW JERSEY
MICHAEL COHAN,            :    LAW DIVISION: ESSEX COUNTY
                            :    DOCKET NO:
            Plaintiff,      :
                            :    Civil Action
v.                         :
                            :
                            :
ACME LIFT COMPANY, L.L.C. and  :
ABC COMPANIES (1-10)       :    COMPLAINT AND JURY DEMAND
(fictious names of unknown entities)  :
                            :
          Defendants.     :
                            :
-------------------------------------------------------X

       Plaintiff, Michael Cohan, (hereinafter "Plaintiff") having an address of 158 Deer Run, Watchung, New Jersey by way of Complaint against Defendants Acme Lift Company L.L.C. and ABC Companies (1-10) (fictitious names of unknown entities) says as follows:

## FACTS COMMON TO ALL COUNTS

       1.     Defendant Acme Lift Company, L.L.C. (hereinafter "Acme Lift" or the "Company") is an entity organized and existing under the laws of the State of Arizona with a principal place of business located at 4751 E. Indigo St., Mesa, Arizona 85205. Defendant Acme Lift is responsible to Plaintiff for the claims set forth herein and/or which company is responsible as an employer, joint employer, alter ego, integrated employer and/or aider and/or abettor for the claims set forth herein.

2.      Defendants ABC Companies (1-10) are fictitious sole proprietorships, companies, limited liability companies, partnerships, and/or other companies/entities who are not specifically named Defendants, who are unknown to Plaintiff at this time but who may be identified during discovery in this matter and who are responsible to Plaintiff for the claims set forth herein and/or which companies are responsible to Plaintiff as an employer and/or an aider and/or abettor.

3.      The Company is a wholesale re-rental company, dealing exclusively in merchandise such as air lifts and other construction equipment.

4.      The Company rents their merchandise wholesale to local retailers.

5.      According to their website, Acme Life "rents hi-reach booms, telehandlers and large air compressors exclusively wholesale to rental companies throughout the US and Canada."

6.      In January, 2015, Plaintiff commenced his employment with the Company as a Regional Vice President.

7.      Plaintiff's duties and responsibilities as a Regional Vice President included build the territory, networking, driving growth in revenue in the wholesale business, managing the sales and service team and other responsibilities relating to the overall finances of the region.

8.      At all times during Plaintiff's employment, Plaintiff worked as a Regional Vice President, covering the Northeast region, which spanned from Maine south to Virginia.

9.      Plaintiff's supervisor was J.P. Patterson, who was employed by the Company in the position of Executive Vice President.

10.     Plaintiff was sixty-three (63) years of age at the time of his termination.

11.     At the time his termination, Plaintiff was the oldest Regional Vice President

2

working for Acme Lift.

12.     At all times during the course of his employment, Plaintiff performed his duties above Acme Lift's reasonable expectations.

13.     In fact, the year prior to his termination, Plaintiff earned the highest amount of commissions of any year of his employment.

14.     In or about the summer, 2019, Plaintiff was asked to attend a meeting at the Newark Liberty International Airport with J.P. Patterson and Charles Synder, who was a consultant for the Company at that time.

15.     During the meeting, Plaintiff was informed by Mr. Patterson and Mr. Snyder that the Company was planning on hiring a new Regional Senior Vice President for the East Coast, and that Plaintiff would report to the new employee in addition to continuing to report to Mr. Patterson.

16.     Plaintiff responded that he did not understand the business reasons behind the decision and became worried that the Company could be pushing him out of his job.

17.     As such, Plaintiff questioned the decision and why it was being made.

18.     Mr. Paterson responded by admitting that the reason they were hiring was for discriminatory reasons based upon Plaintiff's age.

19.     Specifically, Mr. Paterson stated, "You're not getting any younger" and that the Company "need[s] a succession plan."

20.     Plaintiff complained to the Company concerning their decision to create a "succession plan", which he reasonably believed to be in violation of relevant discriminatory laws, including the New Jersey Law Against Discrimination.

3

21.     Plaintiff further reminded Mr. Synder and Mr. Paterson that he had built-up the Northeast region for the Company and that he had no plans on retiring anytime soon.

22.     Thereafter, the Company announced that it hired Brent Yohn as a new Regional Senior Vice President for the East Coast.

23.     Upon information and belief, Mr. Yohn is approximately 50 years of age.

24.     Upon information and belief, Mr. Yohn had no prior experience in the wholesale equipment rental business.

25.     In or about December, 2019, the Company's Chairman, Woodrow Weld, introduced Mr. Yohn to the management team during a business meeting.

26.     After Mr. Yohn's arrival, the Company gradually began taking away more and more responsibilities from Plaintiff.

27.     During the meeting, Mr. Weld commented that the reason the Company needed to hire Mr. Yohn was because Plaintiff "didn't want to be on a plane all time."

28.     Mr. Weld's comment that Plaintiff didn't want to be on a plane all the time was false and a further pretext for the decision to terminate Plaintiff.

29.     At no point during his employment did Plaintiff ever inform anyone that he did not want to travel or was not willing to travel.

30.     On May 8, 2020, on a Friday afternoon, Plaintiff received a phone call from Mr. Patterson and the Company's Treasurer, Rick Jewell, who informed Plaintiff that they wanted to have a conference call with him the following Monday to discuss his compensation.

31.     On the following Monday, May 11, 2020, Plaintiff was officially informed that he was being terminated from his position as Regional Vice President for the Company.

32.     The reason provided to Plaintiff for his termination was because of "COVID-19" and that the Company did not see any recovery anytime soon.

33.     Upon information and belief, no other Regional Vice Presidents were terminated.

34.     In fact, contrary to the stated reason for Plaintiff's termination, Defendants hired a new Regional Vice President, as well as other sales representative positions that Plaintiff was qualified for after his termination of employment.

35.     Defendants did not consider or make any effort to reinstate Plaintiff to the Company in any of the numerous sales positions that became open around or shortly after the termination of his employment.

36.     Instead, upon information and belief, Defendants hired persons for all the open positions who were all younger in age than Plaintiff in the open positions.

37.     As a result of the foregoing actions of the Company, Plaintiff has suffered economic, emotional and other damages.

### FIRST COUNT

### NEW JERSEY LAW AGAINST DISCRIMINATION ("LAD") – AGE DISCRIMINATION
### N.J.S.A. 10:5-1, et seq.

38.     Plaintiff repeats and realleges each of the prior allegations of the Complaint as if set forth at length herein.

39.     The Company is an employer under the LAD.

40.     Plaintiff is an employee under the LAD.

41.     At all times during his employment, Plaintiff was qualified for his position and performed his duties and responsibilities above the expectations of the Company.

42.     The Company took adverse employment actions against Plaintiff, including the

5

termination of his employment and post-termination refusal to consider him for any open positions to which he was qualified for, as a result of Plaintiff's age.

43.     The termination of Plaintiff's employment and refusal to consider him for available open positions to which he was qualified for after his termination because of his age is a violation of the LAD.

44.     The Company's acts or omissions were the cause of Plaintiff's harm, and the Company's acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of person who foreseeably might be harmed by those acts or omissions.

45.     Defendants ABC Companies (1-10) engaged in, participated in, condoned, ratified, perpetuated, and/or aided and abetted the LAD violations.

46.     As a direct and proximate result of the Company conduct, Plaintiff has suffered emotional distress, compensatory and other damages.

**WHEREFORE**, Plaintiff demands judgment against The Company, jointly and severally, for harm suffered due to the aforesaid violation of the LAD as follows:

      A.  Back-pay and benefits;

      B.  Front-pay and benefits;

      C.  Compensatory damages;

      D.  Consequential damages;

      E.  Reinstatement;

      F.  Punitive damages;

      G.  Pre-judgment interest and enhancements to off-set negative tax consequences;

H.  Any and all attorneys' fees, expenses and/or costs, including, but not limited to, court costs, expert fees and all attorneys' fees incurred by Plaintiff in the prosecution of this suit (including enhancements thereof required to off-set negative tax consequences and/or enhancements otherwise permitted under law);

I.  Ordering the Company to take appropriate corrective action to stop and prevent discrimination at the workplace;

J.  Ordering the Company to take appropriate corrective action to stop and prevent retaliation at the workplace;

K.  Ordering the Company to take appropriate corrective action to stop and prevent harassment at the workplace;

L.  Ordering the Company to undergo anti-discrimination training;

M.  Ordering the Company to undergo anti-retaliation training;

N.  Ordering the Company to undergo anti-harassment training;

O.  Ordering the Company to undergo workplace civility training;

P.  Ordering the Company to undergo bystander intervention training;

Q.  Ordering the Company to engage a research organization to assess the efficiency of their anti-discrimination training;

R.  Ordering the Company to engage a research organization to assess the efficiency of their anti-retaliation training;

S.  Ordering the Company to engage a research organization to assess the efficiency of their anti-harassment training;

T. Ordering the Company to engage a research organization to assess the efficiency of their workplace civility training;

U. Ordering the Company to engage a research organization to assess the efficiency of their bystander intervention training;

V. Ordering the Company to identify an appropriate professional to investigate any future complaints of discrimination;

W. Ordering the Company to identify an appropriate professional to investigate any future complaints of harassment;

X. Ordering the Company to identify an appropriate professional to investigate any future complaints of retaliation;

Y. Such other relief as may be available and which the Court deems just and equitable.

## SECOND COUNT

### LAD-RETALIATION

47.     Plaintiff repeats and realleges each of the prior allegations of the within Complaint as if set forth at length herein.

48.     Plaintiff engaged in protected activity by objecting and complaint to the Company concerning their discriminatory comments, including "You're not getting any younger" and that the Company "need[s] a succession plan" and the termination of employment.

49.     The Company's conduct and/or treatment of Plaintiff, including the termination of Plaintiff's employment, were in retaliation for Plaintiff's exercise, attempted exercise and/or enjoyment of rights provided to him under the LAD.

50.     The retaliatory actions taken by the Company against Plaintiff are in violation of the LAD.

51.     The Company's acts or omissions were the cause of Plaintiff's harm and Defendants' acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions.

52.     Defendants ABC Companies (1-10) engaged in, participated in, condoned, ratified, perpetuated, and/or aided and abetted the LAD violations.

53.     As a direct and proximate result of Defendants' violation of the LAD, Plaintiff has suffered compensatory, emotional distress and other damages.

**WHEREFORE**, Plaintiff demands judgment against The Company, jointly and severally, for harm suffered due to the aforesaid violation of the LAD as follows:

A.  Back-pay and benefits;

B.  Front-pay and benefits;

C.  Compensatory damages;

D.  Consequential damages;

E.  Reinstatement;

F.  Punitive damages;

G.  Pre-judgment interest and enhancements to off-set negative tax consequences;

H.  Any and all attorneys' fees, expenses and/or costs, including, but not limited to, court costs, expert fees and all attorneys' fees incurred by Plaintiff in the prosecution of this suit (including enhancements thereof required to off-set negative tax consequences and/or enhancements otherwise permitted under law);

9

I.   Ordering the Company to take appropriate corrective action to stop and prevent discrimination at the workplace;

J.   Ordering the Company to take appropriate corrective action to stop and prevent retaliation at the workplace;

K.   Ordering the Company to take appropriate corrective action to stop and prevent harassment at the workplace;

L.   Ordering the Company to undergo anti-discrimination training;

M.   Ordering the Company to undergo anti-retaliation training;

N.   Ordering the Company to undergo anti-harassment training;

O.   Ordering the Company to undergo workplace civility training;

P.   Ordering the Company to undergo bystander intervention training;

Q.   Ordering the Company to engage a research organization to assess the efficiency of their anti-discrimination training;

R.   Ordering the Company to engage a research organization to assess the efficiency of their anti-retaliation training;

S.   Ordering the Company to engage a research organization to assess the efficiency of their anti-harassment training;

T.   Ordering the Company to engage a research organization to assess the efficiency of their workplace civility training;

U.   Ordering the Company to engage a research organization to assess the efficiency of their bystander intervention training;

V.  Ordering the Company to identify an appropriate professional to investigate any future complaints of discrimination;

W.  Ordering the Company to identify an appropriate professional to investigate any future complaints of harassment;

X.  Ordering the Company to identify an appropriate professional to investigate any future complaints of retaliation;

Y.  Such other relief as may be available and which the Court deems just and equitable.

SMITH EIBELER, LLC

DATED: July 16, 2020

**By:**  **/s/Christopher J. Eibeler**
**CHRISTOPHER J. EIBELER**
**Attorneys for Plaintiff**


## CERTIFICATION

Pursuant to Rule 4:5-1, it is hereby stated to the best of my knowledge and belief that the matter in controversy is not the subject of any other action pending or contemplated in any other court or of a pending arbitration proceeding.  Further, Plaintiff is unaware of any non-party who should be joined in the action pursuant to R. 4:28 or who is subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts.  I further certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

11

SMITH EIBELER, LLC


*/s/Christopher J. Eibeler*
**CHRISTOPHER J. EIBELER**
**Attorneys for Plaintiff**

DATED: July 16, 2020

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

SMITH EIBELER, LLC


**By:**    */s/Christopher J. Eibeler*
**CHRISTOPHER J. EIBELER**
**Attorneys for Plaintiff**

DATED: July 16, 2020


## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Christopher J. Eibeler, Esq. is designated as trial counsel for the

above- captioned matter.

SMITH EIBELER, LLC


**By:**    */s/Christopher J. Eibeler*
**CHRISTOPHER J. EIBELER**
**Attorneys for Plaintiff**

DATED: July 16, 2020

# Civil Case Information Statement

**Case Details: ESSEX | Civil Part Docket# L-004811-20**

Case Caption: COHAN MICHAEL  VS ACME LIFT
COMPANY, L .L.C.
Case Initiation Date: 07/16/2020
Attorney Name: CHRISTOPHER J EIBELER
Firm Name: SMITH EIBELER LLC
Address: 101 CRAWFORDS CORNER RD STE 1-105R
HOLMDEL NJ 07733
Phone: 7324441300
Name of Party: PLAINTIFF : COHAN, MICHAEL
Name of Defendant's Primary Insurance Company
(if known): Unknown

Case Type: LAW AGAINST DISCRIMINATION (LAD) CASES
Document Type: Complaint with Jury Demand
Jury Demand: YES - 6 JURORS
Is this a professional malpractice case?  NO
Related cases pending: NO
If yes, list docket numbers:
Do you anticipate adding any parties (arising out of same
transaction or occurrence)? NO

Are sexual abuse claims alleged by: MICHAEL COHAN? NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Employer/Employee

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:


Do you or your client need any disability accommodations? NO
      If yes, please identify the requested accommodation:


Will an interpreter be needed? NO
      If yes, for what language:


Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/16/2020                                                                          /s/ CHRISTOPHER J EIBELER
Dated                                                                              Signed

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK          NJ 07102

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   JULY 16, 2020
                    RE:     COHAN MICHAEL  VS ACME LIFT COMPANY, L .L.C.
                    DOCKET: ESX L -004811 20

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON THOMAS R. VENA

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT  (973) 776-9300.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:

                         ATT: CHRISTOPH J. EIBELER
                         SMITH EIBELER LLC
                         101 CRAWFORDS CORNER RD
                         STE 1-105R
                         HOLMDEL          NJ 07733


ECOURTS